# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| T.J. GRIFFIN, SR. and<br>GRIFFIN IT MEDIA, INC.,<br><br>        Plaintiffs<br><br>v.<br><br>SPIRADRILL, INC.,<br><br>        Defendant | CASE NO.:<br><br>COMPLAINT: DECLARATORY RELIEF |

## COMPLAINT

Plaintiffs T.J. Griffin, Sr. and Griffin IT Media, Inc. submit this Complaint against Defendant Spiradrill, Inc. for Declaratory Judgment.

### NATURE OF THE ACTION

Plaintiffs bring this action to obtain a declaration of lawful use of the domain name, <spiradrill.com> (herein "the Domain Name"), under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114 (2)(D), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and to prevent the transfer of the Domain Name to Defendant. By their Complaint, Plaintiffs seek declaratory relief, as set forth below, to establish that their registration of the Domain is not unlawful under the Lanham Act (15 U.S.C. § 1051 et. Seq.) and that are the rightful and proper owners of said domain name.

### PARTIES

1.      T.J. Griffin, Sr. is a resident of Delray Beach, Florida, and is the CEO of Griffin IT Media, Inc.

2.      Griffin IT Media, Inc. is a Florida corporation with a principal place of business in Delray Beach, Florida.

3.      Spiradrill, Inc. is a Texas corporation with a principal place of business in Smithville, Texas.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiffs seek a declaration and judgment regarding their rights and obligations in an actual controversy within this Court's jurisdiction concerning Plaintiffs' rights in and to the Domain Name. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark and cybersquatting laws of the United States.

5.      This Court has personal jurisdiction over Defendant because it has sufficient contacts with the State of Florida and this judicial District subjecting it to the general and specific personal jurisdiction of this Court.  Defendant has purposefully availed itself to this forum through general business presence and by filing a Uniform Domain Name Dispute Resolution Policy ("UDRP") complaint against Plaintiffs, which could result in the transfer of the Domain Name to Defendant if successful, and if such transfer is not prohibited by this Court.

6.      Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendant and because Plaintiffs' claims arise from Defendant's activities within and targeted at this District.

## FACTUAL BACKGROUND

### The Registration

7.      Plaintiffs registered the Domain Name in good faith in 2003.

8. Spiradrill is merely a combination of two words, spiral and drill. Both words are descriptive terms that could be used in connection with a variety of goods and services.

9. The registration and use of domain names comprised of generic, geographic, descriptive, keyword and/or dictionary terms is widely recognized as a good faith use.

10. Plaintiffs did not register the Domain Name with the intent to sell it to Defendant, nor to disrupt the Defendant's business, nor to confuse consumers trying to find the Defendant's business.

11. At the time Plaintiffs registered the Domain Name in 2003, there was no registered trademark for Spiradrill, Plaintiffs were not aware of Defendant's existence. The Defendant did not seek registration of the Spiradrill as a trademark until 2014, and the mark was not registered until 2015.

### Defendant Creates a Justiciable Controversy

12. For nearly eighteen years, Plaintiffs have maintained registration of the Domain Name and have had quiet enjoyment of their property in good faith, never hearing any complaint from Defendant or anyone else about their ownership of the Domain Name.

13. On January 25, 2021, Defendant, via its counsel, filed a URDP complaint with the World Intellectual Property Organization ("WIPO").

14. In the UDRP complaint, Defendant alleges that the Domain Name is confusingly similar to Defendant's trademark, that Plaintiffs have no legitimate rights to or interest in the Domain Name, and that Plaintiffs registered the Domain Name in bad faith.

15. In the UDRP complaint, Defendant requests the remedy of transfer of the Domain Name.

16.     Plaintiffs will request that the arbitration provider dismiss or in the alternative, stay its proceedings in lieu of this Court's determination of Plaintiffs' rights in the Domain Name.

## CAUSES OF ACTION

### COUNT I
### Claim for Declaratory Relief

17.     Plaintiffs repeat and reassert the allegations set forth in paragraphs 1 to 16 as if set forth fully herein.

18.     Plaintiffs rightfully registered the Domain Name in good faith, and with neither knowledge of Defendant's mark, nor intent to sell the Domain Name specifically to Defendant. Plaintiff had no intention of diverting any traffic from Defendant's website, and avers that there is no evidence that such has occurred.

19.     In registering the Domain Name, Plaintiffs had a legitimate interest in the inherent, generic value of the Domain Name and have used the Domain Name consistently with such purpose.

20.     Spiral and drill are common, generic words. Defendant's putative rights in the SPIRADRIL mark therefore are far from exclusive.

21.     Plaintiffs believed and had reasonable grounds to believe, based on the market for generic domain names, as well as prior legal decisions and decisions under the UDRP and the ACPA (and their predecessor case law, to the extent any existed in 2003), that the registration of the Domain Name as a generic and descriptive word that could be used in connection with non-infringing business endeavors was lawful.

22.     For nearly eighteen years, Plaintiffs have maintained registration of the Domain Name and have had quiet enjoyment of their property in good faith, never hearing any complaint

from Defendant or anyone else about their ownership of the Domain Name.

23. Now Defendant's counsel has filed an administrative action, contending essentially that Plaintiff used the Domain Name in violation of anti-cybersquatting laws.

24. Defendant's agent filed the UDRP complaint, contending that Plaintiff registered and used the Domain Name in bad faith.

25. The UDRP provides that administrative panel decisions may be stayed, and that subject domain name disputes may be resolved in a court of competent jurisdiction – regardless of the UDRP panelists' findings. The federal courts have held that such review is to be made *de novo*.

26. A justiciable controversy exists between Plaintiffs and Defendant.

27. To resolve this actual controversy, Plaintiffs seek a declaration and judgment that their registration of the Domain Name is with the legitimate interest of exploiting its inherent value as a generic and descriptive term, and/or is consistent with documented legitimate business efforts, and constitutes good faith use. Plaintiffs seek to remove the legal cloud over title to Plaintiffs' valuable property, which has been created by Defendant's actions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs T.J. Griffin, Sr. and Griffin IT Media, Inc. pray that this Court grant them the following relief:

A. A declaration that Plaintiffs have not infringed and are not infringing the trademark rights of Defendant;

B. A declaration that Plaintiffs have not violated and are not violating the ACPA;

  C. A declaration that Plaintiffs registered and has used the Domain Name in good faith and are the rightful registrants of the Domain Name;

  D. A finding awarding Plaintiffs monetary compensation for damages sustained by Defendant's wrongful actions as alleged in this Complaint;

  E. An award of reasonable attorney fees, interests and costs; and

  F. Any such other relief as the Court may deem proper.

DATED this 16th day of February, 2021.

Respectfully submitted,

INTELLECTUAL PROPERTY CONSULTING, L.L.C.

/s/ Richard T. Sahuc
Richard T. Sahuc, Bar No. 321661
400 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Phone: (504) 322.7166
Fax: (504) 322.7184
rsahuc@iplawconsulting.com
*Attorneys for Plaintiffs T.J. Griffin, Sr. and Griffin IT Media, Inc.*